IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BEVERLY PLOGGER,

          Plaintiff,

v.                                  CIVIL ACTION NO.   2:13-cv-22494

CHESAPEAKE APPALACHIA, L.L.C.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Chesapeake Appalachia, LLC's motion for summary judgment [ECF 14]. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

This negligence action arises from damage to Plaintiff's personal property from flood waters in the spring of 2011. Plaintiff alleges that Defendant's drilling, excavation, and construction activities caused dirt and debris to back-up and form a make-shift dam in the vicinity of her residence. Plaintiff alleges that because of Defendant's alleged negligence, this make-shift dam burst on April 9, 2011, during a rain storm causing storm waters to race through Plaintiff's residence, damaging the home and its contents.

The home in which Plaintiff resided was located on land owned by Plaintiff's father (although it appears Plaintiff purchased building materials that were used in the construction of an unfinished addition to the original residence.) For reasons that are not clear, Plaintiff's father has not been made a plaintiff in this case. It is uncontested that Plaintiff's father is the title-holder to

the real estate and, thus, is the legal owner of the residential structures. It is also uncontested that the buildings on the property and items of personal property were in fact damaged or destroyed in the flood. Defendant asserts, however, that its activities did not cause the flooding and, thus, disputes liability.

Plaintiff conceded at the August 21, 2014, pretrial conference, that because she is not the owner of the real estate, she is seeking damages only for loss of personal property and not damages relating to damage to the residential structures. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment as to any claims for damages to real property.

Defendant also moves for summary judgment on the grounds that Plaintiff has not provided any estimates of damages for personal property and, thus, her claims for personal property damages fail under *Commonwealth Tire Co. v. Tri-State Tire Co.*, Syl. Pt. 5, 193 S.E.2d 544, 549–50 (1972) ("Damages which are remote, conjectural, or speculative, cannot be recovered, and in order to sustain a recovery for damages there must be proof which furnishes reasonable certainty of damage and the amount thereof.")

At the August 21, 2014, pre-trial conference, the Court permitted Defendant leave to depose Plaintiff on the subject of the value of the items of personal property alleged to be damaged or destroyed by Defendant's negligence. Defendant has since conducted that deposition.

Under both federal and state law, lay testimony as to the value of personal property based on the witness's personal knowledge of such property is admissible at trial and, when the value of the personal property is disputed, the ultimate determination of the value of personal property must be resolved by the trier of fact. *Travelers Indemnity Co. v. Plymouth Box & Panel Co.* 99 F.2d 218, 223 (1938) (corporate president of insured who was familiar with the machine in question

was entitled to opine as to the machine's value, and it was for the jury to determine what weight to give to the witness's lay opinion); *Evans v. Mut. Min.*, Syl. Pt. 2, 485 S.E.2d 695 (1997) ("Under Rule 701 [1994] of the West Virginia Rules of Evidence, the owner of destroyed or damaged personal property is qualified to give lay testimony as to the value of the personal property based on his or her personal knowledge. When the value of the personal property is disputed, the ultimate determination of the value of personal property must be resolved by the trier of fact"), *modified on other grounds by State v. Nichols*, 541 S.E.2d 310 (1999). Accordingly, the Court **DENIES** Defendant's motion for summary judgment to the extent it is predicated on an absence of proof of amount of damages for Plaintiff's personal property.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 14, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3